# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARLOS DARDEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FLAGSHIP CREDIT ACCEPTANCE ) <br> LLC, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. <br><br> _____ |

## NOTICE OF REMOVAL

COMES NOW Defendant Flagship Credit Acceptance LLC ("Defendant") and, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby gives notice of its removal of this action from the Magistrate Court of Gwinnett County, State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based upon federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Carlos Darden ("Plaintiff"). *See Boone v. JP Morgan Chase Bank*, 447 Fed. Appx. 961, 964 (11th Cir. 2011) ("A claim arises under federal law when 'the face of the plaintiff's properly pleaded complaint' presents a federal question."). In support of its Notice of Removal, Defendant states the following:

1.

Plaintiff commenced this action on September 14, 2020 by filing an original Complaint for Damages (the "Complaint") in the Magistrate Court of Gwinnett County, State of Georgia.

2.

Plaintiff's Complaint alleges that Defendant is reporting an inaccurate balance to certain unidentified credit agencies. (Pl.'s Comp. ¶ 2.)

3.

Plaintiff's Complaint further alleges that Defendant is in violation of the "Debt Collection Practice Act," presumably, the "Fair Debt Collection Practices Act" ("FDCPA")," 15 U.S.C. §1692. (Pl.'s Comp. ¶ 2.)

4.

Plaintiff claims entitlement to $15,104.00 in damages as a result of Defendant's alleged violations. (Pl.'s Comp. ¶ 3.)

5.

Defendant denies any and all liability to Plaintiff and further denies that it is indebted to Plaintiff in any sum whatsoever.

6.

This Court has original jurisdiction over this case because this lawsuit is a civil action arising under the laws of the United States as required by 28 U.S.C. § 1331.

7.

Plaintiff served Defendant with his Summons and Complaint in this action on September 15, 2020.  This Notice of Removal is filed within thirty (30) days of the service of Plaintiff's Complaint upon Defendant and is therefore timely pursuant to 28 U.S.C. § 1446(b).

8.

The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

9.

Plaintiff alleges a claim under the "Fair Debt Collection Practices Act" ("FDCPA"), 15 U.S.C. §1692.  (Pl.'s Comp. ¶ 2.)   Therefore, federal question jurisdiction exists over Plaintiff's claims under 28 U.S.C. § 1331 because the resolution of Plaintiff's claims will require adjudication of disputed questions of

federal law. *See Boone*, 447 Fed. Appx. at 963 (holding removal to federal court was proper because the district court had original subject-matter jurisdiction based on alleged violation of TILA); *Boswell v. Bayrock Mortg. Corp.*, No. 2:11CV821-MEF, 2012 WL 413849 (M.D. Ala. Jan. 19, 2012) (court had federal question jurisdiction of TILA claim pursuant to 28 U.S.C. § 1331).

10.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

11.

Defendant's removal of this action is without prejudice to any of its potential defenses or counterclaims, including, but not limited to, Defendant's defense that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

12.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served upon Plaintiff and is being filed with the Magistrate Court of Gwinnett County, State of Georgia.

13.

Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto the following true and correct copies of all process, pleadings, orders, and other papers contained within the State Court's docket as of the date of this filing:

(a) Plaintiff's Complaint; and

(b) Defendant also attaches the Civil Case Cover Sheet.

This 14th day of October, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Matthew T. Covell*
Matthew T. Covell
Georgia Bar No. 190735
1180 West Peachtree Street
Suite 1800
Atlanta, GA 30309
Phone: (404) 817-8500
Fax: (404) 881-0470

*Attorneys for Defendant*
*Flagship Credit Acceptance LLC*

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel for Defendant Flagship Credit Acceptance LLC hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 14th day of October, 2020.

      **HOLLAND & KNIGHT LLP**

      */s/ Matthew T. Covell*
      Matthew T. Covell
      Georgia Bar No. 190735

      *Attorneys for Defendant*
      *Flagship Credit Acceptance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of the foregoing on counsel through the Court's CM/ECF system which automatically provides a copy to counsel of record and mailed via U.S. First Class U.S. Mail to:

Carlos Darden
7529 Rutger Circle
Fairburn, Georgia  30213

This 14th day of October, 2020.

        **HOLLAND & KNIGHT LLP**

        */s/ Matthew T. Covell*
        Matthew T. Covell
        Georgia Bar No. 190735

        *Attorneys for Defendant*
        *Flagship Credit Acceptance LLC*